SMITH, Superintendent of Banks, Respondent, v. OWENS, et al, Appellants.

(245 N. W. 56.)

(File No. 7346.  Opinion filed November 15, 1932.)

Krause & Krause and Ervin P. Van Buren, all of Dell Rapids, for Appellants.

Boyce, Warren & Fairbank, and John S. Murphy, all of Sioux Falls, for Respondent.

POLLEY, J.  This action was brought to recover on a promissory note and to foreclose a real estate mortgage claimed to have been given to secure the payment of the said note.

The note and mortgage were given to the Sioux Falls Savings Bank. Later on they were assigned to the Sioux Falls Trust & Savings Bank. Upon the failure of this latter bank, the note was turned over to the superintendent of banks, and he now seeks to foreclose the mortgage. Findings of fact, conclusions of law, and judgment were for plaintiff, and defendants appeal.

The execution of the note and mortgage is admitted by the defendants, and it is also admitted that the note sued upon has not been paid, but defendants contend that the plaintiff is not entitled to have the mortgage foreclosed because the note sued upon is not the note nor a renewal of the note that the mortgage was given to secure. It is also contended by defendants that the property described in the mortgage constituted the homestead of the mortgagor at the time of its delivery, that the mortgage was not signed by the wife of the mortgagor, and that, for that reason, the mortgage was void from its inception. The mortgagor's wife intervened, and asserted her homestead interest in the mortgaged property.

The facts out of which the controversy arises are as follows:

On the 18th day of February, 1922, defendant C. H. Owens executed and delivered to the Sioux Falls Savings Bank a certain promissory note for $6,000, payable on the 1st day of July, 1922. On the 1st day of April, 1922, he executed and delivered to the said bank another note for $6,000, which was also payable on the 1st day of July, 1922. This is the note that was secured by the mortgage given in this action. Neither of these notes was paid on the due date, but both were renewed by renewal notes for the same amount, and both payable on the 31st day of December, 1922. On this last-mentioned date, both notes were again renewed for another six-month period. On the next due date, $500 was paid on one of the notes, and both notes were renewed for another six month period—one for $6,000 and the other for $5,500. On the next due date another payment of $500 was made. This was credited on the $5,500 note, and both notes were again renewed for another six-month period—one for $6,000 and the other for $5,000. On the next due date, the $6,000 note was paid in full. The $5,000 note was neither paid nor renewed, and plaintiff, claiming that this note is a renewal of the note executed on the 1st day of April, 1922, and that was secured by the mortgage, now undertakes to

foreclose said mortgage. Defendants contend, and by a chain of of reasoning more fantastic than convincing, undertake to show us that the note that was paid was a renewal of the note that was secured by the mortgage. The trial court found for the plaintiff on this issue, and we think rightly so. While the defendant was quite positive that the note that was paid was the one that was secured by the mortgage, we think that the contents of the note itself support the court's finding. On the face of the note, and over the signature of the defendant C. H. Owens, is the following recital: "The undersigned jointly and severally hereby deposit with the pledge to the said Sioux Falls Trust & Savings Bank, as collateral security for the payment of this note, or of any note given in extension of renewal thereof, as well as for the payment of any other liability or liabilities, whether joint or several, direct or contingent of the undersigned, or of any or either of them, to the said Sioux Falls Trust & Savings Bank and for the payment of any claims of said Sioux Falls Trust & Savings Bank against the undersigned, or against any or either of them, due or to become due, whether now existing or hereafter arising and whether created directly or acquired by assignment or otherwise, the mortgage on Lots 7 & 8, Krumms Addition to Town of Chester, & 65 shares of capital stock of Chester St. Bk. also mortgage on Lot 7, Bk. Town of Chester, S. D."

From this provision in the note we are satisfied that it was the intention of both parties thereto that this note was a renewal of the note secured by the mortgage, and that defendant Owens so understood it at the time.

■ Upon the second defense: It is true that the mortgaged property constituted the mortgagor's homestead, and it is also true that the mortgage was not signed by his wife, but the record shows that he was not married until the 27th day of August, 1922. He claims, however, that the mortgage was not acknowledged or delivered until some time during the month of October, 1922. The mortgage is dated April 1, 1922; the certificate of the notary who took the mortgagor's acknowledgment of the execution of the mortgage is dated April 1, 1922. In the body of the mortgage, the mortgagor described himself as an unmarried man. On the 29th day of June, 1922, the mortgagor, as agent for the Home Insur-

ance Company, issued to himself an insurance policy insuring the property described in the mortgage. This policy contained a mortgage clause providing that any loss under the policy should be paid to the mortgagee. To overcome this evidence that the mortgage was executed and delivered on the 1st of April, the mortgagor claims that as a matter of fact the mortgage was not acknowledged nor delivered until some time during the month of October, 1922; and to substantiate this claim the notary who took the acknowledgment was permitted, over the vigorous objection of the plaintiff, to go upon the stand and testify that the acknowledgment was not taken until during the month of October, 1922. No reason was given for misstating the date of the acknowledgment, and the trial court, we think, was fully warranted in finding that the mortgage was executed and delivered and went into effect on the 1st day of April, 1922.

We have examined the additional assignments contained in the record, but can find nothing that we think prejudiced the rights of the appellants, and nothing would be gained by a further consideration thereof.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and ROBERTS and RUDOLPH, JJ., concur.

WARREN, J., not sitting.